Filed 2/12/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 24

In the Interest of D.D., minor child

   -------------

McKenzie County Social Services, Petitioner and Appellee

v.

D.D., child; H.D., child; 

C.R., mother; D.D., father, Respondents

   -------------

C.R., mother,      Appellant

No. 20140456

In the Interest of H.D., minor child

   -------------

McKenzie County Social Services, Petitioner and Appellee

v.

D.D., child; H.D., child; 

C.R., mother; D.D., father, Respondents

   -------------

C.R., mother,      Appellant

No. 20140457

In the Interest of D.D., minor child

   -------------

McKenzie County Social Services,      Petitioner and Appellee

          v.

D.D., child; H.D., child;

C.R., mother; D.D., father,            Respondents

   -------------

D.D., father,      Appellant

_______________________

No. 20140465

_______________________

In the Interest of H.D., minor child

   -------------

McKenzie County Social Services,      Petitioner and Appellee

          v.

D.D., child; H.D., child;

C.R., mother; D.D., father,             Respondents

   -------------

D.D., father,       Appellant

_______________________

No. 20140466

_______________________

Appeals from the Juvenile Court of McKenzie County, Northwest Judicial District, the Honorable Robin Ann Schmidt, Judge.

AFFIRMED.

Per Curiam.

Charles Burke Neff, Assistant State’s Attorney, 201 5th Street NW, Suite 550, Watford City, ND 58854, for petitioner and appellee.

Ashley Marie Gulke, P.O. Box 931, Minot, ND 58702, for appellant C.R.

Richard Robert William Sand, 340 North Main, P.O. Box 1933, Watford City, ND 58854-1933, for appellant D.D.

Interest of D.D.

Nos. 20140456-20140457 and 20140465-20140466

Per Curiam.

[¶1] C.R., mother, and D.D., father, of minor children D.D. and H.D., each appeal from the district court amended order terminating their parental rights.  C.R. argues the district court lacked clear and convincing evidence that deprivation was likely to continue and that the children likely would suffer harm absent termination of parental rights.  D.D., father, argues the district court erred when it found the causes of deprivation are likely to continue and that reasonable efforts were made to reunify the family after the children were removed.  We summarily affirm under N.D.R.App.P. 35.1(a)(2).  

[¶2] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Dale V. Sandstrom